# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
TAMMY BRANNAN,                         *
                                       *  No. 20-0486V
        Petitioner,                    *  Special Master Christian J. Moran
                                       *
v.                                     *  Filed: June 12, 2024
                                       *
SECRETARY OF HEALTH                    *
AND HUMAN SERVICES,                    *
                                       *
        Respondent.                    *
* * * * * * * * * * * * * * * * * * * *

Bradley S. Freedberg, Bradley S. Freedberg, P.C., Denver, CO, for Petitioner.
Emilie Williams, United States Dep't of Justice, Washington, DC, for Respondent.

**UNPUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS**[1]

    Pending before the Court is petitioner Tammy Brannan's motion for final attorneys' fees and costs. She is awarded **$67,433.34**.

\* \* \*

    On April 22, 2020, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccination she received on September 16, 2019, which is contained in the Vaccine Injury Table, 42 C.F.R. 100.3(a), caused

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

her to suffer a shoulder injury related to vaccine administration (SIRVA). After respondent contested entitlement based upon the location of petitioner's symptoms and lack of limited range of motion, petitioner submitted a letter from Shivaun Finn Hoyt, D.O., who assessed her as exhibiting normal range of motion on January 6, 2021, and an expert report from Dr. Gurney Fields Pearsall, Jr., M.D.,[2] a family practitioner. Exhibits (Exs.) 17-18. Thereafter, the parties engaged in settlement discussions and on August 24, 2023, a stipulation was filed, which the undersigned adopted as his decision awarding compensation on August 25, 2023. 2023 WL 6060385.

On June 29, 2023, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requested attorneys' fees of $73,048.50 and attorneys' costs of $605.54 for a total request of $73,654.04. Id. at 2. Pursuant to General Order No. 9, counsel for petitioner represents that there are no personal incurred any costs related to the prosecution of this case. Id.

Approximately one month later, on July 25, 2023, petitioner filed a supplemental motion, requesting an additional $643.75 in fees for work performed July. Pet'r's Mot. to Supplement. On October 30, 2023, respondent filed a response to petitioners' motion. Resp't's Resp. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." Id. at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3.

On February 7, 2024, petitioner filed a status report "clarify[ing] a misstatement in the application for attorney fees and costs." ECF No. 89. In that status report, petitioner requests an additional $12,800.00 in expert costs, representing 32.0 hours of work at an hourly rate of $400.00. Petitioner now requests attorneys' fees of $73,692.25 and attorneys' costs of $13,405.54 for a total request of $87,097.79. Respondent did not file a response thereafter.

\* \* \*

---

[2] Dr. Pearsall appears to be the father of Mr. Freedberg's co-counsel in this case, Gurney F. Pearsall, III.

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates for the work of her counsel, Bradley S. Freedberg and his associate counsel, Gurney F. Pearsall, III:

|      | Bradley S. Freedberg | Gurney F. Pearsall, III |
|------|----------------------|--------------------------|
| 2020 | $410                 | $255                     |
| 2021 | $455                 | $275                     |
| 2022 | $480                 | $300                     |
| 2023 | $515                 | $325                     |

Fees App. at 1-2. All hourly rates requested for work performed by Mr. Freedberg in 2020-2023 and by Mr. Pearsall in 2020 and 2022-2023 are consistent with what counsel has previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein for work performed in the instant case. See Comeau v. Sec'y of Health & Human Servs., No. 19-198V, 2021 WL 3053038 (Fed. Cl. Spec. Mstr. June 15, 2021); Ward v. Sec'y of Health & Human Servs., No. 19-1621V, 2021 WL 3408511 (Fed. Cl. Spec. Mstr. June 30, 2021); Walker v. Sec'y of Health & Human Servs., No. 21-1318V, 2023 WL 8946623 (Fed. Cl. Spec. Mstr. Jan. 8, 2023).

Regarding Mr. Pearsall's 2021 hourly rate, attorneys' fees have been awarded utilizing an hourly rate of $270, $5 less than the $275 hourly rate requested in this case.[3] See Comeau, 2021 WL 3053038, at *2; Ward, 2021 WL 3408511, at *2. Application of this lower rate results in a **reduction of $157.50**.[4]

Furthermore, a review of the billing records reveals multiple entries involving travel time[5] and tasks that are considered paralegal in nature[6] were billed

---

[3] The greater hourly rate of $275 was employed in two cases, due to an error made when quoting the hourly rates utilized in Comeau and Ward. See Rybicki v. Sec'y of Health & Human Servs., No. 20-332V, 2023 WL 2440377, at *2 (Fed. Cl. Spec. Mstr. Feb. 7, 2023); Key v. Sec'y of Health & Human Servs., No. 20-379V, 2023 WL 2440863, at *2 (Fed. Cl. Spec. Mstr. Feb. 7, 2023).

[4] ($275 - $270) x 31.5 hrs. = $157.50

[5] In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. See Hocraffer v. Sec'y of Health & Human Servs., No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); Rodriguez v. Sec'y of Health & Human Servs., No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); English v. Sec'y of Health & Human Servs., No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." Gruber v. Sec'y of Health & Human Servs., 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." Id.

[6] Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to that of a paralegal. See, e.g., Doe/11 v. Sec'y of Health & Human. Servs., No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing Missouri v. Jenkins, 491 U.S. 274, 288 (1989)); Mostovoy v. Sec'y of Health & Human Servs., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); Riggins. v. Sec'y of Health & Human Servs., No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); Turpin v. Sec'y of Health & Human Servs., No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl.

at the attorneys' hourly rates. Fees App. Ex. B. Although at least eleven entries - totaling 7.15 hours,[7] involve only paralegal tasks, numerous other entries describe both attorney and paralegal tasks. E.g., id. at 13 (entry dated 3/15/21). And the entry describing travel time related to a visit to petitioner spanned 2.7 hours of time that included the visit itself. E.g., id. at 7 (entry dated 1/21/20). Such block billing makes it is difficult to ascertain the amount of time which should have been billed at these reduced hourly rates. The undersigned will therefore address the matter, along with further reductions in amount of hours billed in the next section.

      B.    <u>Reasonable Number of Hours</u>

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See <u>Saxton v. Sec'y of Health & Human Servs.</u>, 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds several issues which need to be addressed further. Petitioner seeks attorneys' fees for work performed by Mr. Freedberg and Mr. Pearsall that is generally not reimbursed in vaccine cases such as work that is considered secretarial in nature,[8] time spent performing basic research,[9] and excessive or duplicative work.[10] Fees App. Ex. B.

---

Spec. Mstr. Dec. 23, 2008).

[7] These entries are as follows: 1/24/20 (entries for both Mr. Pearsall and Mr. Freedberg), 3/23/20, 4/8/20, 10/7/20, 10/15/20, 11/9/20, 2/3/21, 5/5/21, 8/4/21. Fees App. at 7, 10-14.

[8] It is clearly established that secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." <u>Rochester v. U.S.</u>, 18 Cl. Ct. 379, 387 (1989); <u>Dingle v. Sec'y of Health & Human Servs.</u>, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." <u>Mostovoy</u>, 2016 WL 720969, at *5 (citing <u>Rochester</u>, 18 Cl. Ct. at 387).

[9] "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." <u>Matthews v. Sec'y of Health & Human Servs.</u>, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." <u>Carter v. Sec'y of Health & Human Servs.</u>, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).

[10] The undersigned has previously reduced the fees paid to petitioners due to excessive

For example, Mr. Freedberg spent 0.4 and 0.2 hours retrieving, reviewing, and paying bills. Id. at 14 (entries dated 8/3/21 and 9/30/21). And Mr. Freedberg spent 1.20 and 1.25 hours researching SIRVA cases involving expert opinion, the usual length of a motion for a ruling on the record, and the amount of time needed for resolution. Id. at 15-16 (entries dated 2/10/22 and 8/20/22). Furthermore, the billing records contained numerous entries involving time spent by both Mr. Freedberg and Mr. Pearsall discussing the merits of petitioner's case and coordinating schedules and tasks. E.g., id. at 7, 10 (entries dated 1/6/20 showing 1.0 hours of this time). On multiple occasions, Mr. Freedberg and Mr. Pearsall have been informed of these deficiencies in their billing records. E.g., Hergett v. Sec'y of Health & Human Servs., No. 17-2008V, 2020 WL 1080295 at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2020); Mackey v. Sec'y of Health & Human Servs., No. 16-1289V, 2020 WL 2596801, at *7 (Fed. Cl. Spec. Mstr. May 10, 2018); Comeau, 2021 WL 3053038, at *2; Ward, 2021 WL 3408511, at *2; Rybicki, 2023 WL 2440377, at *2-3.

Due to the extensive block billing found throughout the billing records submitted in this case, it is difficult to ascertain the exact amount of time involved in each of the mentioned categories. Block billing or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored in the Program. See Broekelschen v. Sec'y of Health & Human Servs., 07-137V, 2008 WL 3903710 (Fed. Cl. Spec. Mstr. Dec 15, 2006). Rather, the Vaccine Program's Guidelines for Practice state that "[e]ach task should have its own line entry indicating the amount of time spent on that task."  Several tasks lumped together with one-time entry impedes assessment of the reasonableness of the request.

In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." Fox v. Vice, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). Instead, in appropriate circumstances they may make reasonable, across-the-board percentage adjustments. E.g., Raymo, 129 Fed. Cl. at 703-04. The undersigned finds a

---

and duplicative billing. See Ericzon v. Sec'y of Health & Human Servs., No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); Raymo v. Sec'y of Health & Human Servs., No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), mot. for rev. denied, 129 Fed. Cl. 691 (2016). The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

reduction of twenty percent is warranted in this case. This results in a further **reduction of $14,706.95**.[11] Petitioner is therefore awarded final attorneys' fees of $58,827.80.

### C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner's requests a total of $13,405.54 in attorneys' costs. Fees App. at 2, ECF No. 89. This amount is comprised of acquiring medical records, the Court's filing fee, and work performed by petitioner's expert, Dr. Gurney F. Pearsall, a family practitioner.

For the work performed by Dr. Pearsall, petitioner requests a total of $12,800.00, comprised of 32.0 hours of work billed at $400.00 per hour. ECF No. 89. The undersigned was unable to find any prior instances of Dr. Pearsall performing Vaccine Program work, thus petitioner would have been well served to provide some evidence regarding a reasonable rate for general practitioners. A general practitioner was compensated at a rate of $250 per hour. Wynne v. Sec'y of Health & Hum. Servs., No. 17-1908V, 2022 WL 1869355, at *3 (Fed. Cl. Spec. Mstr. May 3, 2022). A rate of $250.00 per hour is reasonable (and perhaps generous) for someone who lacks specialized medical knowledge, who does not teach at medical schools, and who has authored only two articles published in journals.

Dr. Pearsall has requested compensation for 32 hours. ECF No. 89-1 at 2. Dr. Pearsall has lumped together many activities within the same day. Experts are held to the same reasonableness standards for their fees as attorneys, and detailed information is necessary for the Court to evaluate whether the expert's work was reasonable and not duplicative. As such, Dr. Pearsall should identify his activities with more precision going forward. However, because Dr. Pearsall has not previously submitted invoices, the number of hours is accepted as reasonable. A reasonable amount of compensation for Dr. Pearsall is $8,000.00.[12]

---

[11] $73,534.75 x 0.20 = $14,706.95.

[12] $250.00 per hour multiplied by 32 hours = $8,000.00.

Petitioner has provided adequate documentation supporting the requested costs and all are reasonable in the undersigned's experience. Petitioner is therefore awarded final attorneys' costs of $8,605.54.

D.      Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$67,433.34** (representing $58,827.80 in attorneys' fees and $8,605.54 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Bradley S. Freedberg.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[13]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[13] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.